IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDIE NUNLEY, | ) | |
| Reg. No. 41771-509, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-430-ECM-CWB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Eddie Nunley is before the court on a motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255.  (Doc. 1).[1]  For the reasons discussed below, the Magistrate Judge recommends that Nunley's § 2255 motion be granted in part and dismissed without prejudice in part.

### I.      Background

On March 18, 2022, Nunley pled guilty to a single count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. (Doc. 1-1 at p. 1; *see also* Crim. Doc. 207).  On July 14, 2022, the district court sentenced Nunley to 151 months in prison.  (Doc. 1-1 at p. 2; *see also* Crim. Doc. 273).  Nunley did not appeal his sentence.

---

[1]  References to documents filed in this proceeding are designated as "Doc."  References to documents filed in the underlying criminal case (No. 2:21-cr-174-ECM-CWB) are designated as "Crim. Doc."  Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the original versions as presented for filing.

On July 18, 2023, Nunley filed the pending § 2255 motion to assert that his former counsel, Tilden J. Haywood[2] and Michael L. Kidd, were constitutionally ineffective. (Doc. 1). Nunley raises four distinct claims for ineffective assistance of counsel: first, he asserts that counsel was ineffective for failing to object to the court's treatment of the substance at issue as pure methamphetamine rather than a methamphetamine mixture (*id*. at p. 13); second, he asserts that counsel was ineffective for failing to file a direct appeal when requested to do so (*id*. at p. 20); third, he asserts that counsel was ineffective for failing to investigate his completion of probation and that consequently additional criminal history points were improperly considered pursuant to U.S.S.G. 4A1.1(d) (*id*. at p. 22); and fourth, he asserts that counsel was ineffective for failing to argue mitigation pursuant to 18 U.S.C § 3553(f) when he had only a prior two-point violent offense and not more than four criminal history points nor a prior three-point offense (*id*. at p. 25).

The court scheduled an evidentiary hearing on the claim concerning trial counsel's alleged failure to file a requested appeal, and the court appointed counsel to represent Nunley for the limited purpose of that claim. (Docs. 17 & 23). At the April 9, 2024 hearing, Nunley provided his own live testimony in support of the claim and additionally presented live testimony from his wife, Bridgette Sumlin. The court had a sufficient opportunity to observe the demeanor of both witnesses and to make necessary evaluations regarding their credibility.

According to Nunley's sworn testimony, he was surprised and disappointed with the imposed sentence and asked immediately after the sentencing hearing that Kidd file an appeal on his behalf. Although he allegedly responded that he would visit Nunley the following day to

---

[2] Haywood's representation of Nunley ended on September 22, 2021 after Nunley retained Kidd to represent him on the underlying criminal charge (*see* Doc. 5 at p. 2), and Kidd represented Nunley through his guilty plea and sentencing (*see id.* at pp. 3-4). The issues raised in Nunley's § 2255 motion all arise from the period that he was being represented by Kidd.

discuss the appeal, Kidd allegedly failed to visit, call, or otherwise communicate in any way with Nunley thereafter.

The sworn testimony given by Sumlin was generally consistent with that given by Nunley. Sumlin testified that Kidd met with her and other family members upon conclusion of the sentencing hearing and discussed options such as filing an appeal and filing for relief under § 2255.  Sumlin also presented text message communications that she testified reflected attempts to reach Kidd about the appeal and that referenced the status of Nunley's "paperwork."  Sumlin further testified that Kidd failed to respond to those messages.

Upon conclusion of the testimony and evidence put forth by Nunley at the April 9, 2024 hearing, the government explained that Kidd had been non-responsive to its communications about the matter and that Kidd was not present to testify in rebuttal.  The government offered into evidence what were represented to be its communications with Kidd making him aware of the April 9, 2024 hearing.

## II.    Standard for § 2255 Relief

A prisoner may obtain relief under § 2255 when the trial court imposes a sentence that: (1) violates the Constitution or laws of the United States; (2) exceeds its jurisdiction; (3) exceeds the maximum authorized by law; or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).  If a court determines that a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).  The burden of establishing that vacatur of a conviction or sentence is appropriate falls upon the petitioning prisoner.  *See, e.g., Beeman v. United States*, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

III.     **Standard for Claims Asserting Ineffective Assistance of Counsel**

A claim for ineffective assistance of counsel is evaluated against the standard announced by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  To make a sufficient showing of ineffective assistance, a petitioner must prove two things:  (1) "counsel's performance was deficient;" and (2) "the deficient performance prejudiced the defense."  *Id*. at 687.  Performance is deficient when "it f[alls] below an objective standard of reasonableness and [i]s outside the wide range of professionally competent assistance."  *Johnson v. Sec'y, DOC*, 643 F.3d 907, 928 (11th Cir. 2011) (internal quotation marks omitted).  Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Unless a petitioner satisfies both prongs, relief should be denied.  *Id*. at 687; *see also Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

IV.     **Discussion**

Claim 2 of Nunley's § 2255 motion asserts that counsel rendered ineffective assistance by failing to file an appeal after being instructed to do so.  (Doc. 1 at p. 20).  In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the United States Supreme Court confirmed that the *Strickland* standard applies when determining whether counsel was ineffective for failing to file a notice of appeal.  Regarding the first prong of *Strickland*—whether counsel's representation fell below an objective standard of reasonableness—the Supreme Court held that "an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se."  *Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (11th Cir. 2005) (citing *Flores-Ortega*, 528 U.S. at 477).  As to the second prong of *Strickland*, it was held that prejudice is presumed in such cases and that the petitioner may have a new appeal with no further showing.

*Flores-Ortega*, 528 U.S. at 483 ("The ... denial of the entire judicial proceeding itself, which a

defendant wanted at the time and to which he had a right, ... demands a presumption of prejudice.").

A failure by counsel to pursue an appeal that has been requested by the defendant thus

should result in the granting of an out-of-time appeal, even absent a showing that the defendant

would have had any viable grounds for appeal. *Id*. at 477; *Martin v. United States*, 81 F.3d 1083,

1084 (11th Cir. 1996). The Eleventh Circuit has set forth a four-step remedial process for

such circumstances:

> When the district courts of this circuit conclude that an out-of-time appeal in a
> criminal case is warranted as the remedy in a § 2255 proceeding, they should effect
> that remedy in the following way: (1) the criminal judgment from which the out-
> of-time appeal is to be permitted should be vacated; (2) the same sentence should
> then be reimposed; (3) upon reimposition of that sentence, the defendant should be
> advised of all the rights associated with an appeal from any criminal sentence; and
> (4) the defendant should also be advised that the time for filing a notice of appeal
> from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).[3]

Here, the sworn testimony given by Nunley at the April 9, 2024 hearing was unrebutted

that he expressly asked counsel to appeal following his sentencing hearing and while still inside

the courtroom. So too was Nunley's testimony unrebutted that counsel agreed to meet with him

the next day to discuss the appeal but failed to do so or engage in any other type of follow-up

communications. Based upon Nunley's appearance and demeanor at the April 9, 2024 hearing,

the court finds such testimony to be sufficiently credible in its unrebutted state to demonstrate

---

[3] Effective December 1, 2009, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure
was amended to increase the time for filing a notice of appeal to 14 days. *See* Fed. R. App. P. 4
advisory committee notes (2009 Amendments). The post-amendment version of Rule 4(b)(1)(A)
would require that Nunley file a notice of appeal within 14 days from the date the district court
enters judgment in the underlying criminal case.

that Nunley requested the filing of an appeal within the period in which an appeal would have been timely. Moreover, and notwithstanding the ambiguity surrounding the references to "paperwork" in the text messages purportedly between Sumlin and counsel, the court finds Sumlin from her overall appearance and demeanor to be sufficiently credible in testifying that an appeal was requested. The court notes that the credibility of Sumlin's sworn testimony was bolstered by its consistency with the sworn testimony given by Nunley and, just as importantly, by the fact that it was not countered with any rebuttal evidence at the April 9, 2024 hearing. Finally, and as stated on the record during the April 9, 2024 hearing, the court finds the testimony given by both Nunley and Sumlin regarding counsel's alleged non-responsiveness to their requests for an appeal to be consistent with counsel's non-responsiveness to the government and failure to appear at the April 9, 2024 hearing.[4]

The undersigned therefore concludes under the particular circumstances presented that Nunley is entitled to relief on the claim asserted as Claim 2 and that Nunley should be granted the opportunity to file an out-of-time appeal. The remainder of the § 2255 motion, however, should be dismissed without prejudice. *See, e.g., McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (where the district court grants a movant's claim seeking an out-of-time appeal, the district court should dismiss without prejudice any remaining claims in the § 2255 motion or hold such claims in abeyance pending the outcome of the reinstated direct appeal).

---

[4] The court notes that Kidd submitted an affidavit earlier in the proceedings to state that "[a]fter [Nunley] was sentenced, he never contacted me to advise me he wanted to appeal his conviction or sentence." (Doc. 10 at p. 7, ¶ 16). Kidd's affidavit, however, was not offered as evidence at the April 9, 2024 hearing and would have constituted inadmissible hearsay had such an attempt been made. Regardless, even were it proper to consider the prior affidavit, the credibility scales would not tip in favor of the government in light of Kidd's failure to appear and subject himself to cross-examination.

**V.     Conclusion**

For the reasons set forth above, it is the **RECOMMENDATION** of the Magistrate Judge that Nunley's § 2255 motion (Doc. 1) be **GRANTED IN PART** and **DISMISSED WITHOUT PREJUDUCE IN PART** as follows:

(1)   Nunley's claim for ineffective assistance of counsel asserted as Claim 2 of his § 2255 motion should be granted;

(2)   the judgment entered against Nunley in 2:21-cr-174-ECM-CWB should be vacated;

(3)   the same sentence should be re-imposed in 2:21-cr-174-ECM-CWB, and an identical judgment should be re-entered;

(4)   Nunley should be advised that he has the right to appeal from the re-entered judgment and that the court will appoint counsel upon proper request;

(5)   Nunley should be advised that he must file any notice of appeal from the re-entered judgment within the 14-day period provided under Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure; and

(6)   Claims One, Three, and Four of Nunley's § 2255 motion should be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **April 29, 2024**. An objecting party must identify the specific portion(s) of factual findings or legal conclusions to which objection is made and must describe in detail the basis for each objection. An objecting party also must identify any claim or defense that the Recommendation has not addressed. Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to

have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 15th day of April 2024.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**